JOHN B. HONOR CO., Limited, v. MIDDLE DIVISION ELEVATOR CO.

(Circuit Court of Appeals, Fifth Circuit.  December 11, 1900.)

No. 960.

1. SHIPPING—CONSTRUCTION OF CHARTER—EMPLOYMENT OF STEVEDORE.

A clause in the form of charter party, used for the charter of a steamship, giving the charterer the right to provide a stevedore at the steamer's expense, was stricken out, and one inserted as follows: "Stevedore employed by vessel to be approved by charterers."  *Held*, that such provision did not bind the charterer to approve a stevedore employed by the owners, but required the one selected by the owners to be subject to the charterers' approval.

2. CONTRACT—CONSTRUCTION—PERSON ENTITLED TO ENFORCE.

Where a charter provided that the stevedore employed by the vessel should be subject to approval by the charterer, the refusal of the latter to approve a stevedore, without giving any reason therefor, does not give the stevedore so disapproved any right of action for damages against him, whatever may be the rights of the other party to the contract.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

E. T. Merrick, for plaintiff in error.

E. H. Farrar, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge.  By a memorandum of agreement dated November 22, 1899, the John B. Honor Company, Limited, the plaintiff in error, contracted with Messrs. Smith Bros. & Co., owners and agents of certain steamships, to do the stevedore work at New Orleans of all the steamers under their management which they may have at that port, unless otherwise bound by charter party.  On February 2, 1900, the Middle Division Elevator Company, the defendant in error, chartered the steamship Flambro, of which the Messrs. Smith Bros. & Co. were owners, to proceed to New Orleans, and there take cargo for the charterer.  One provision of the charter party is in these words:  "Stevedore employed by vessel to be approved by charterers."  The declaration in this case charges that the plaintiff in error did, on March 26, 1900, proceed to load the steamship Flambro, and commenced the work of loading, and was engaged thereat, when the Middle Division Elevator Company wrote and delivered a letter to the master of the steamship Flambro, as follows:

"Please consign your vessel to Messrs. Chas. F. Orthweins' Sons, as our agents, per charter, whose stevedore, J. P. Florio, only is approved by us. Respy.,

"[Signed]                              The Middle Division Elevator Co.,
                                          "H. J. Patten, V. P."

And on the same day also wrote, published, and delivered a letter to the master, as follows:

"As we understand, you propose, notwithstanding our notification to you, to employ another stevedore.  We hereby again notify you that we have ap-

proved of Mr. J. P. Florio as stevedore for your vessel, and will approve no other stevedore. It is reported to us that you and your officers are allowing another stevedore to interfere with the loading of the cargo into your steamer, and we have accordingly ordered the work of loading your vessel stopped, and will not commence again until you withdraw the intervening stevedore from your ship, until which time please note that all loss of time will be for your account. Yours, truly.

"[Signed]            The Middle Division Elevator Co.,
"H. J. Patten, V. P."

The declaration charges that this ordering that the loading of the vessel be stopped until the master should withdraw the interfering stevedore was done maliciously, and without cause or ground, and for the purpose of injuring the plaintiff in error; that the plaintiff in error thereby lost the profit on its contract to the sum of $200, and was injured in its reputation, and with its English employers, with whom it had a large and lucrative business, in the sum of $10,000, by the action of the defendant in error, which is charged to have been a slander on the reputation of the plaintiff in error as a stevedore, and implied, and by innuendo stated, that it was incompetent or dishonest in its business relations, or both, which insinuation is alleged to have been false and untrue. The defendant in error presented an exception to the declaration, to the effect that it disclosed no cause of action against the defendant. This exception was sustained by the circuit court, and the action was dismissed, at the cost of the plaintiff.

Counsel for the plaintiff in error in his oral argument contends earnestly that the language, "Stevedore employed by vessel to be approved by charterers," bound the charterers to approve the plaintiff in error, who, by contract with the owners, had been employed by the vessel before the date of the charter party, and that the charter party expressed the approval by the charterers of the employment of the plaintiff in error as stevedore. We do not so construe the language of the charter party. If such had been the intention of the parties to that contract, it is difficult to see why the stevedore already employed by the vessel and approved by the charterers was not named explicitly. Moreover, if such had been the intention of the parties, the language should have been: "Stevedore employed by vessel is approved by charterers," instead of "to be approved," as therein written. It does not appear in the declaration, nor in the charter party as presented in the transcript of the record, but it does appear from the suggestion of counsel, that the form of charter party used had provided that "the charterer or their agents may provide a stevedore, at the steamer's expense, not exceeding the market rate, but shall not be responsible for improper stowage." This was erased, and the language quoted above relating to that subject was inserted. Counsel for the plaintiff in error asks, "Does not this mean that the vessel shall have the right to appoint the stevedore?" We do not think it does. So far as its construction can affect the plaintiff in error, it would seem to mean just the reverse. As between the ship and the charterer, it doubtless means that the ship has the right to select the stevedore in the first

place, but is obligated to submit the name of that stevedore to the charterer, and that the charterer has the right to object to any stevedore named who for any reason whatsoever is not satisfactory to the charterer, and that the parties must agree upon a person to be appointed as stevedore.

As there is involved in this case no question between the vessel and the charterer, we are not called upon to determine or consider whether the action of this charterer in refusing to agree to a particular stevedore is reasonable or unreasonable, and, if found to be unreasonable, in what manner and to what extent it might affect the relations between the ship and the charterer. It cannot give a stevedore whose name is submitted for acceptance any right or cause of action against the charterer who, however peremptorily, refuses to accept it, giving no reason therefor. So far as persons who are not parties to the contract between the vessel and the charterer are concerned, the charterer has an unlimited right to elect whom it chooses to approve. The judgment of the circuit court is affirmed